UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEVLYN THOMPSON,<br><br>   Defendant. | Case No. 21-cr-461 (RCL) |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplement to its sentencing memorandum in connection with the above-captioned matter. The government provides this information and legal analysis in advance of the sentencing hearing in the hopes it will of be assistance to the Court.

The defendant, Devlyn Thompson, has requested a nearly 74% downward variance under 18 U.S.C. § 3553(a) to 12 months and a day of incarceration based on his autism spectrum diagnosis (ASD). The government has previously stated that it has factual issues with the report that it will address at sentencing-- including whether the defendant was honest with the defense's expert, and reliability of the Vineland scores derived solely from a post-arrest interview of the defendant's mother- but wishes to advise the Court and counsel of the following legal precedent related to the requested variance based on ASD:

(1) United States v. Zuk, 874 F.3d 398, 410-411 (4th Cir. 2017) (finding downward variance from 240 month guideline to 26 months based primarily upon defendant's diagnosis of autism spectrum substantively unreasonable). The Court there explained:

> First, no expert testified that Zuk's medical condition caused his criminal conduct. Indeed, the record was undisputed that Zuk was highly functioning compared to most people with autism. He obtained the rank of Eagle Scout in high school; he made the Dean's List during his first semester of college; and he was not diagnosed with autism spectrum

1

disorder until after his 2013 arrest. Indeed, before then, neither Zuk nor his family was even aware of his autism spectrum condition. Moreover, the experts never concluded that Zuk was less able to comprehend the possibility of a prison sentence as a consequence of his offense conduct or that he was unable to control his behavior. Zuk himself stated clearly and repeatedly that he knew what he was doing was both illegal and wrong and that he manipulated and lied because he knew he could get away with things.  While it was legitimate for the district court to consider Zuk's autism spectrum disorder as part of the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and to consider how his autism affected his rehabilitation needs, id. § 3553(a)(2)(D), we cannot conclude, based on the present record, that a time-served sentence based almost exclusively on these considerations was reasonable and adequately responded to the needs for punishment, deterrence, and respect for the law. This is especially true because Zuk's criminal conduct was so egregious . . .   Thus, imposing a sentence for time served of 26 months primarily because of a diagnosis of mild autism hardly punishes, fails in a message of deterrence, does not adequately protect the public, and undoubtedly does not promote respect for the law. See § 3553(a)(2)(A)–(C).

(2) United States v. Sindoni, 510 Fed. App'x 906 (11th Cir. 2013) (within guideline sentence of 200 months upheld as reasonable despite defendant's Asperger's diagnosis and age);

(3) United States v. Mandli, 278 Fed. App'x. 955, 956 (11th Cir. 2008) (affirming within guideline sentence for defendant with Asperger's Syndrome convicted of child pornography possession);

(4)  United States v. Lange, 445 F.3d 983, 984 (7th Cir. 2006) (within guideline sentence affirmed  for defendant with Asperger's Syndrome convicted of distribution of child pornography).

(5) United States v. Beasley, 562 Fed. App'x 745 (11th Cir. 2014) (upholding sentence that was 36 months below the advisory guideline range despite defendant's argument on appeal that his Asperger's Syndrome should have caused the court to vary further downward and impose the five-year mandatory minimum for receipt of child pornography.)

(6) United States v. Dolehide, 663 F.3d 343 (8th Cir. 2011) (upholding 135 month sentence against defendant's argument that he should have received a downward variance due to his Asperger's Syndrome). The Court found that: "[t]he District Court was well within its discretion in concluding that the following facts weighed against a downward variance: (1) there was conflicting evidence on the degree Dolehide's infirmity and his ability to function; (2) Dolehide's mental illness does not appear to have contributed to his commission of the crimes; (3) Dolehide knew that his conduct was wrong and unlawful; (4) Dolehide presented a risk to children…; (5) the Bureau of Prisons has adequate facilities and programs to deal with and treat Dolehide during his incarceration." Id. at 349.

(7) <u>United States v. Ziska</u>, 602 F. App'x 284, 292 (6th Cir. 2015) (upholding 180 month sentence, a 30- month downward departure from guidelines but less than requested by defendant, as substantively reasonable).

Also, the government continues to review the report filed by defense counsel from Mr. Donson (which was not received until it was filed by defense in its sentencing memorandum on December 13th), but counsel wishes to advise the Court that there appear to be multiple national BOP programs available to the defendant to address his cognitive issues.  *See* Exhibit 1 (First Step Act Approved Programs Guide) located at https://www.bop.gov/inmates/fsa/docs/fsa_program_guide_2107.pdf.   Mr. Donson's report stated that only one such program mentioned ASD: however, he failed to mention that many BOP programs are specifically designed to assist persons with mental health conditions, cognitive disorders, and persons in need of assistance in better understanding the world around them, like the defendant (even if one-page summary in the booklet does not mention ASD by acronym).  These include: Anger Management, Basic Cognitive Skills, the BRAVE program, the CHALLENGE program, Cognitive Processing Therapy; Criminal Thinking, Emotional Self-Regulation, Mental Health Step-Down, RESOLVE program, SKILLS program, and Social Skills Training, which are offered at numerous BOP facilities around the country.

        Respectfully Submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:     */s/ Tejpal S. Chawla*
    TEJPAL S. CHAWLA
    Assistant United States Attorney
    D.C. Bar 464012
    555 4th Street, N.W.
    Washington, D.C. 20530
    202-252-7280 (Chawla)
    Tejpal.Chawla@usdoj.gov