UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                                          No. 21-CR-461 (RCL)
                                                                                            Hon. Royce C. Lamberth

DEVLYN THOMPSON,

Defendant.

DEFENDANT'S REQUEST FOR HEARING ON HIS MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A).

Defendant Devlyn Thompson, through undersigned counsel, respectfully requests that this Court set a hearing to consider Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) (Motion). As grounds for this request, Defendant states the following:

1. In December 2021, this Court sentenced Defendant to 46 months imprisonment for his conduct at the U.S. Capitol on January 6, 2021. Having entered custody upon his arrest in July 2021, Defendant has been imprisoned for nearly nineteen months, as of the date of this filing.

2. On December 07, 2022, Defendant moved this Court for Compassionate Release pursuant to 18 U.S.C. § 3582(C)(1)(A), ECF 45, on the grounds that his continued detention no longer serves the purposes of 18 U.S.C. § 3553(a) and that FCI Yazoo City Low has failed entirely to provide either

treatment or a treatment plan for Defendant's ongoing Autism Spectrum Disorder (ASD). As a result of that failure, and as detailed in Defendant's Motion, Defendant's condition and overall mental fitness and wellbeing have steadily declined during his detention.

3. On December 12, 2022, this Court ordered that the Government respond to Defendant's Motion by January 11, 2023.

4. As of the date of this filing, the Government has failed to comply with the Court's order and has not provided a response.

5. Under Local Crim. Rule 47(b), this Court may treat a party's failure to respond to a Motion or any argument therein as conceded. *See also United States v. Newman*, 531 F. Supp. 3d 181, 191 (D.D.C. 2021) ("Under Local Rule 7(b), if a party fails to respond to a motion, the Court may treat it as conceded. LCvR 7(b). Consequently, I will grant the Government's motion for a protective order[.]").

6. The Government's failure to acknowledge or respond in opposition to Defendant's Motion should be treated as just such a concession not only because Government has ignored the Court's directive, but also because the Government's failure has demonstrated an ongoing disregard for the health and mental wellbeing of a person within its care.

For those reasons stated above, as well as those articulated in Defendant's Motion, Defendant requests that this Court order a hearing so that it might expeditiously and in the furtherance of justice consider the merits of Defendant's Motion.

Respectfully Submitted,

/s/ Elizabeth Kelley
Elizabeth Kelley (pro hac vice)
ELIZABETH KELLEY, ATTORNEY AT LAW
2425 E. 29th Ave., Ste. 10-B, £ 225
Spokane, WA 99223
(509) 991-7058
zealousadvocacy@aol.com

## CERTIFICATE OF SERVICE

Elizabeth Kelley, Attorney at Law, hereby certifies that the foregoing was served in accordance with Fed. R. Crim. P. 49, Fed. R. Crim. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the District Court's system pertaining to ECF filers.

/s/ Elizabeth Kelley
Elizabeth Kelley (pro hac vice)
ELIZABETH KELLEY, ATTORNEY AT LAW
2425 E. 29th Ave., Ste. 10-B, £ 225
Spokane, WA 99223
(509) 991-7058
zealousadvocacy@aol.com
